UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>    v.<br><br>ALONZO WALTON,<br>    Defendant. | CRIMINAL ACTION NO.:<br>1:16-CR-00145-02-TWT-JKL |

### SENTENCING MEMORANDUM

COMES NOW ALONZO WALTON, by and through undersigned counsel, and files this Sentencing Memorandum and shows as follows:

## I. Brief Introduction

To date, nine defendants have proceeded to trial; eight have been convicted of various charges including Count One of the Second Superseding Indictment (SSI). Mr. Walton and codefendants objected to their respective Presentence Investigative Reports (PSR) in so far as the PSRs recommends that the maximum penalty for conviction under Count One be increased from 20 years to life. Mr. Walton's objections to the PSR were detailed in his letter of October 23, 2019, attached to the PSR, and will not be repeated herein. Mr. Walton relies, in large part, on the arguments made in his objections to the PSR.

One defendant, Antarious Caldwell, has been sentenced. The Government filed a sentencing memorandum prior to Mr. Caldwell's sentencing. Doc 2946. Mr. Walton will address the arguments raised therein by the Government. Additionally, Caldwell and Kevin Clayton have filed sentencing memorandums. Mr. Walton expressly adopts the arguments made by Messrs. Caldwell and Clayton in their respective sentencing memorandums. See Docs. 2952 and 3000.

## II. Argument

### A. Mr. Walton Did Not Invite Error or Forfeit the Right to Challenge the Imposition of a Sentence Exceeding 20 Years

The Government argues that the last of a series of charge requests made by the Defendants constituted invited error. This is incorrect for at least two reasons.

First, all requests filed by the Defendants were consistent with the way the Government indicted the case. The Government charged the RICO conspiracy to include "acts involving murder" and then proceeded to define "acts involving murder" to include malice murder, felony murder, attempt to murder, and conspiracy to commit murder. See SSI at 10. So, contrary to inviting error, the Defendants sought to have the jury charged in a manner consistent with the way the indictment was drafted. What the Government is actually arguing is that the Defendants were obligated to point out that the indictment was not drafted in a manner that permitted changing the maximum sentence available under Count One

2

from 20 years to life. It was never the burden of Mr. Walton to assist the Government in drafting an indictment that altered the mandatory maximum to exceed 20 years.

Second, notwithstanding the absence of an obligation to correct the indictment, the Defendants did seek to clarify what specific act or acts the jury might consider in finding that the RICO conspiracy involved murder. Specifically, Mr. Walton asked that the jury be given a special verdict form that would spell out which act(s) involving murder Mr. Walton was alleged to have participated in. Doc. 2412 at 1-2.

Mr. Walton's proposed special verdict form would have removed any ambiguity as to which acts were considered and cured the ambiguities created in the indictment. However, this request to clarify was opposed by the Government and denied by the Court. It was not until after this request was denied that Mr. Walton acquiesced to the ruling of the Court and sought the charge for which the Government now complains.

> **B. There Exists No Meaningful Difference Between the Phrases "RICO Conspiracy Involving Murder" and "Acts Involving Murder"**

The Government seeks to distinguish the phrase in special verdict form which asked the jury whether, "the RICO conspiracy involved murder?" from the

phrase "acts involving murder." See Doc. 2946 at 8. The Government asks this Court to find that this is a meaningful difference in determining whether Mr. Walton faces a 20-year sentence or life without parole. It is nonsensical to suggest that by replacing the word "acts" with the phrase "RICO conspiracy" that the manner in which the indictment was drafted and the jury was instructed would suddenly be clear. It is unreasonable for the Government to suggest that this is a meaningful difference and this Court should reject the offer. One cannot imagine a scenario under which the jurors while deliberating said, in effect, "Those definitions the Judge gave us pertaining to 'acts involving murder' do not apply to Count One because that count charges a 'RICO conspiracy' involving murder not 'acts' involving murder."

The Government also claims that they limited the basis of "acts involving murder" in the "Notice of Enhanced Sentencing" by citing only to O.C.G.A. § 16-5-1 in the Notice of Enhancement in the indictment. Docs. 2952 at 7 and 1750 at 42. However, this brings no more clarity as O.C.G.A. § 16-5-1 provides for murder, felony murder (a crime that does not require an intent to commit a homicide), and second degree murder. Second degree murder provides for a sentence range of ten to 30 years. O.C.G.A. § 16-5-1(e)(2). Furthermore, this does

nothing to cure the definitions of acts involving murder provided throughout the SSI and the jury instructions.

WHEREFORE, Mr. Walton, by undersigned counsel, requests that this Court find that the maximum penalty that may be imposed under Count One is twenty (20) years imprisonment.

Dated: This 7th day of January, 2020.

>Respectfully Submitted,
>/s/ **John Lovell**
>John Lovell
>Attorney for Defendant
>Georgia Bar No. 359390
>John Lovell, Esq., P.C.
>90F Glenda Trace, #427
>Newnan, Georgia 30265
>678.552.2534
>john@johnrlovell.com

CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify that the foregoing document was formatted in Times New Roman 14 pt., in accordance with Local Rule 5.1C, and I have this day electronically filed the document with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorney(s) of record in the case, including opposing counsel.

Dated: This 7th day of January, 2020.

s/ *John Lovell*<br>John Lovell

JOHN LOVELL
John Lovell, Esq., P.C.
Georgia State Bar No. 359390
90F Glenda Trace, #427
Newnan, Georgia 30265
678.552.2534
john@johnrlovell.com